**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION**

**VERSUS**                                                           **No. 15-68**

**JORGE PERRALTA, ET AL.**                              **SECTION I**

<u>**ORDER AND REASONS**</u>

Before the Court is a motion[1] *in limine* filed by defendant, Jorge Perralta ("Perralta"), to "preclude the government from introducing evidence regarding an alleged co-conspirators [sic] criminal acts which are extrinsic to the criminal conspiracy alleged against Mr. Perralta." Perralta's argument, in short, is that the second superseding indictment is duplicitous because it charges multiple conspiracies in a single count. Perralta contends that instead of a single overarching conspiracy to distribute and possess with the intent to distribute certain quantities of cocaine hydrochloride and heroin, "there is the potential" that the government's evidence will establish that there were multiple, independent conspiracies involving different defendants and different controlled substances.[2] Perralta argues that, if this is the case, the introduction of evidence regarding the alleged members of the other conspiracy in a trial of Perralta "would violate Federal Rules of Evidence 403 and 404(b)."[3]

The government has filed an opposition[4] to Perralta's motion arguing that he is incorrect for two reasons. First, according to the government, Perralta "errs in asserting that there are, in

---

[1] R. Doc. No. 98.
[2] R. Doc. No. 154-1, at 1.
[3] R. Doc. No. 154, at 1.  As the government notes in its opposition, R. Doc. No. 165, at 6, Perralta does not seek a severance of his trial.  He only seeks the exclusion of the evidence described above.
[4] R. Doc. No. 165.

fact, two conspiracies at issue in this case."[5]  Second, the government asserts that "[e]ven if there *were* two conspiracies, evidence relevant only to the defendants involved in the cocaine conspiracy would nevertheless be admissible against those defendants in a joint trial, and any prejudice to Peralta from this evidentiary 'spillover' would be eliminated with a proper limiting instruction from the Court."[6]

For the following reasons, the Court agrees with the government that Peralta's motion should be denied.  The Court assumes familiarity with the factual background and procedural posture of the case.

## LAW AND ANALYSIS

Peralta's argument for the exclusion of certain evidence is premised on the existence of two conspiracies instead of one.  But "[t]he question whether the evidence establishes the existence of one conspiracy (as alleged in the [second superseding] indictment) or multiple conspiracies is a fact question within the jury's province."  *United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007).  While this Court has the power to acquit a defendant after a guilty verdict when no rational jury could have found the essential elements of the offense beyond a reasonable doubt, *United States v. Alarcon*, 261 F.3d 416, 421 (5th Cir. 2001), this Court cannot determine before trial and without an evidentiary record what a rational jury could or could not find.  *See also* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.").

---

[5] R. Doc. No. 165, at 2.
[6] R. Doc. No. 165, at 2.

Simply put, "[t]here is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context."[7] *See United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005); *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.").  The Court, therefore, cannot determine whether Perralta was a member of only a heroin conspiracy, a heroin and cocaine conspiracy, or neither conspiracy.

Accordingly, the question before the Court is whether the evidence to which Perralta objects is relevant to the offense the government *alleges* Perralta committed.  The government alleges in count one of the second superseding indictment that Perralta and his co-defendants conspired with each other and with others unknown to distribute and possess with the intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin.  "Once a defendant has been connected with the conspiracy through his own conduct, all acts and statements of his co-conspirators during the pendency and in furtherance of the conspiracy are admissible against him." *United States v. Jennings*, 527 F.2d 862, 869 (5th Cir. 1976).  While the Court defers specific evidentiary rulings until such time as they are raised at trial, it is clear that the Court cannot, at this time, exclude evidence—including acts or statements of Perralta's co-

---

[7] Indeed, the U.S. Fifth Circuit Court of Appeals has explained that "[a] material variance occurs *when the proof at trial* depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense."  *United States v. Rodriguez*, 553 F.3d 380, 392 (5th Cir. 2008) (internal quotations and citation omitted) (emphasis added).

conspirators—simply based on Perralta's belief that the evidence at trial will not support a common conspiracy with those co-conspirators.

The Court further notes that even if Perralta is ultimately correct and the evidence at trial establishes the existence of two conspiracies instead of one, Perralta may nevertheless be unable to successfully assert a material variance claim. The Fifth Circuit has held that "[w]hen the indictment alleges the conspiracy count as a single conspiracy, but the government proves multiple conspiracies and a defendant's involvement in at least one of them, then clearly there is no variance affecting that defendant's substantial rights." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (internal quotations and citation omitted).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Perralta's motion is **DENIED**.

New Orleans, Louisiana, January 21, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**