**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                        **CRIMINAL ACTION**

**VERSUS**                                                                                          **No. 15-68**

**JORGE PERRALTA, ET AL.**                                                      **SECTION I**

<u>**COURT'S FINDINGS OF LAW REGARDING DEFENDANT, JORGE PERRALTA'S,**</u>

<u>**MOTION TO SUPPRESS EYEWITNESS IDENTIFICATIONS**</u>

**I.      Fifth Amendment Motion to Suppress Eyewitness Identifications**

The U.S. Supreme Court has recognized that the Due Process Clause of the Fifth Amendment guarantees a defendant's right to exclude, as unreliable, identification testimony that results from improper employment of photographs by police. *See Perry v. New Hampshire*, 132 S. Ct. 716, 725–26 (2012); *Simmons v. United States*, 390 U.S. 377, 383–84 (1968). "A conviction based on an eyewitness identification at trial following a pretrial photographic identification must be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Honer*, 225 F.3d 549, 552 (5th Cir. 2000) (internal quotation and citation omitted).

"[Courts] apply a two-prong test to determine whether to exclude an in-court identification." *Honer*, 225 F.3d at 552. "First, [courts] ask whether the photographic line-up is impermissibly suggestive." *Id.* "If it was not, [the court's] inquiry ends." *Id.* "If the photographic line-up was impermissibly suggestive, [courts] next ask whether based upon the totality of the circumstances, 'the display posed a very substantial likelihood of irreparable misidentification.'" *Id.* at 552–53 (citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)).

1

The question of whether identification evidence and the fruits of the identification are admissible at trial is a mixed question of law and fact. *Fletcher*, 121 F.3d at 194 (citing *United States v. Sanchez*, 988 F.3d 1384, 1389 (5th Cir. 1993)). Although such mixed questions are subject to de novo review, a district court's factual findings are reviewed for clear error. *Id.* (citing *Buser by Buser v. Corpus Christi Indep. Sch.*, 51 F.3d 490, 492 (5th Cir. 1995); *United States v. Diecidue*, 603 F.2d 535, 565 (5th Cir. 1979)). Specifically, the Fifth Circuit "give[s] credence to the credibility choices and findings of fact of the district court unless clearly erroneous." *United States v. Shaw*, 894 F.2d 689, 691 (5th Cir. 1990).

According to the Fifth Circuit, the key premise of the Supreme Court's decision in *Brathwaite* is that "[a] primary aim of excluding identification evidence obtained under unnecessarily suggestive circumstances . . . is to deter law enforcement use of improper lineups, showups, and photo arrays in the first place." *Id.* (citing *Brathwaite*, 432 U.S. at 114). The Supreme Court therefore held that "due process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Id.* at 724 (citations omitted). Moreover, even when the police use such a procedure, "suppression of the resulting identification is not the inevitable consequence." *Id.* (citations omitted). Instead, courts must assess, "on a case-by-case basis, whether improper police conduct created a substantial likelihood of misidentification," and the "[r]eliability of the eyewitness identification is the linchpin of that evaluation." *Id.* (internal quotations and citations omitted).

"[T]he practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." *United States v. Delgado*, 364 F. App'x 876, 879 (5th Cir. 2010); *see also United States v. del Carmen Rangel-Carbajal*, 81 F. App'x 818, 819 (5th Cir. 2003) ("Although the single photograph display was impermissibly suggestive, an

examination of the totality of the circumstances reveals that the suggestiveness did not lead to 'a substantial likelihood of irreparable misidentification.'") (citations omitted).

However, the Supreme Court has held that showing a witness one photograph instead of an array is not necessarily improper police procedure.  In *Brathwaite*, the Court held that "[a]lthough identifications arising from single-photograph displays may be viewed in general with suspicion, *see Simmons v. United States*, 390 U.S., at 383, we find in the instant case little pressure on the witness to acquiesce in the suggestion that such a display entails."  *Brathwaite*, 432 U.S. at 114.  The facts that led the Supreme Court to this conclusion in *Brathwaite* were as follows:

> D'Onofrio had left the photograph at Glover's office and was not present when Glover first viewed it two days after the event.  There thus was little urgency and Glover could view the photograph at his leisure.  And since Glover examined the photograph alone, there was no coercive pressure to make an identification arising from the presence of another.  The identification was made in circumstances allowing care and reflection.

*Id.*

It should nevertheless be noted that the Fifth Circuit has described the *Brathwaite* decision as follows:  "The Supreme Court, in *Manson v. Brathwaite*, made clear that exhibiting a single photograph for identification purposes is impermissibly suggestive."  *United States v. Sanchez*, 988 F.2d 1384, 1389 (5th Cir. 1993).  More recently, however, in *United States v. Hefferon*, 314 F.3d 211 (5th Cir. 2002), the Fifth Circuit explained that identifications in which a witness is shown only one person may not be unduly suggestive if the suspect is already known to the witness identifying him.

As the Supreme Court made clear in *Perry v. United States*, "[t]he due process check for reliability, [*Manson v. Brathwaite, 432 U.S. 98, 114*, (1977)] made plain, comes into play only after the defendant establishes improper police conduct."  *Id.* at 726.  If the Court concludes that

3

the out-of-court identification was impermissibly suggestive, the Court must "next determine[, under the second prong,] whether under the totality of the circumstances, the pretrial photo line-up was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Honer*, 225 F.3d at 553.  "In other words, we must determine whether the in-court identification is reliable, notwithstanding the impermissibly suggestive pretrial photo line-up." *Id.*  This determination is made by considering a number of factors set forth by the Supreme Court.  As the Fifth Circuit has explained:

> In the landmark case of *Neil v. Biggers*, 409 U.S. 188, 199 (1972), the [Supreme] Court set forth factors to determine whether under the totality of the circumstances, an in-court identification was reliable. These factors include:
>
> [1] the opportunity of the witness to view the criminal at the time of the crime;
>
> [2] the witness' degree of attention;
>
> [3] the accuracy of the witness' prior description of the criminal;
>
> [4] the level of certainty demonstrated by the witness at the confrontation; and
>
> [5] the length of time between the crime and the confrontation.

*Id.* at 553 (citing *Biggers*, 409 U.S. at 199).  If after evaluating the reliability of the identification based upon the "totality of the circumstances," a Court finds that the "'indicators of a witness' ability to make an accurate identification' are 'outweighed by the corrupting effect' of law enforcement suggestion, [then] the identification should be suppressed.'" *Perry*, 132 S. Ct. at 725 (quoting *Brathwaite*, 432 U.S. at 114).

The Court notes that the Fifth Circuit has stated that "[a] witness' identification may be independent of an impermissibly suggestive technique even if his original observation was but a fleeting glimpse."  *United States v. Gidley*, 527 F.2d 1345, 1351 (5th Cir. 1976).

If the Court determines that the witness' identification is reliable after considering the totality of the circumstances, then both the out-of-court identification and the in-court identification are admissible.  In *Allen v. Estelle*, the Fifth Circuit explained:

> Under the totality approach the admissibility of pretrial and in-court identification alike are governed by a single due process standard which accepts the reliability of the identification as the principal ingredient to be evaluated.  Therefore, under the totality approach a determination that the challenged identification is reliable means that testimony as to it and any identification in its wake is admissible.

568 F.2d 1108, 1114 (5th Cir. 1978); *see also United States v. Saunders*, No. 12-141, 2013 WL 2903082, at *16 (E.D. La. June 12, 2013) (Brown, J.) (permitting an in-court identification and an out-of-court identification to come into evidence where the out-of-court procedure was unnecessarily and impermissibly suggestive but the identification was nonetheless reliable).

## II.    Motion to Suppress Out-of-Court Identification and the Sixth Amendment

The Court and counsel also discussed potential Sixth Amendment issues raised by defendant's motion.  As the Court informed the parties off-the-record, however, it is clear that the Sixth Amendment is not implicated under these circumstances.

The Supreme Court has long recognized that the right to counsel is among the most fundamental rights of the criminal justice system.  "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other right he may have."  *Penson v. Ohio*, 488 U.S. 75, 84 (1988).  The Supreme Court has held that "a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him."  *Kirby v. Illinois*, 406 U.S. 682, 688 (1972); *Livingston v. Hargett*, 9 F.3d 1547, 1993 WL 503448, at *2 (5th Cir. Nov. 24, 1993). The right to counsel attaches specifically at the time of arraignment or the

preliminary hearing. *Kirby*, 406 U.S. at 688–89; *Powell v. Alabama*, 287 U.S. 45, 66–71 (1932) (right to counsel attaches at time of arraignment on formal charges).

From that point, "the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings." *Leachman v. Stephens*, 581 F. App'x 390, 399 (5th Cir. 2014) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). "For Sixth Amendment purposes, the attachment of the right to counsel (at the initiation of the adversary process) is distinct from the right to have counsel present (at a critical stage)." *Id.* "It is 'an analytical mistake' to 'assume that attachment necessarily requires the occurrence or imminence of a critical stage.'" *Id.* (citing *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 212 (2008)).

"The Supreme Court has articulated that a critical stage in the proceeding is one where 'the accused required aid in coping with legal problems or assistance in meeting his adversary,' and the 'substantial rights of the accused may be affected.'" *McAfee v. Thaler*, 630 F.3d 383, 391 (5th Cir. 2011) (citing *United States v. Ash*, 413 U.S. 300, 311 (1973)).

In *United States v. Ash*, however, the Supreme Court held that that "the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender," even after the defendant's right to counsel has attached. 413 U.S. 300, 321 (1973). The Fifth Circuit has further clarified that the government is not required even to notify defense counsel before showing witnesses a photographic lineup containing the defendant. *United States v. Whitehead*, 257 F. App'x 777, 783 (5th Cir. 2007).

New Orleans, Louisiana, January 27, 2016.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**