UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-68 |
| JORGE PERRALTA, ET AL. | SECTION I |

### ORDER AND REASONS

Before the Court are four motions: (1) a motion[1] for new trial filed by defendant, Jorge Perralta ("Perralta"); (2) a motion[2] for acquittal filed by defendant, Paul Norris ("Norris"); (3) a motion[3] to arrest judgment filed by Norris; and (4) a motion[4] for new trial filed by Norris. The government has filed a brief[5] opposing all of the motions. For the following reasons, the motions should each be denied. The Court assumes factual and procedural familiarity with the case.

### STANDARDS OF LAW

**I. Motion for new trial**

Rule 33(a) of the Federal Rules of Criminal Procedure states that, upon the defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). "Motions for new trial are based either on the grounds that the verdict was against the weight of the evidence or that some error was committed by the court or the prosecution which substantially affects the rights of the accused." *United States v. Allen*, No. 12-138, 2015 WL 1638039, at *3

---

[1] R. Doc. No. 231.
[2] R. Doc. No. 232.
[3] R. Doc. No. 234.
[4] R. Doc. No. 235.
[5] R. Doc. No. 236.

(E.D. La. Apr. 13, 2015) (Duval, J.) (citation omitted).  A court "should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict."  *Wall*, 389 F.3d at 466; *see also United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011) ("[M]otions for new trial are disfavored and must be reviewed with great caution.").

Unlike the Rule 29 motion for a judgment of acquittal where the evidence must be viewed in a light most favorable to the verdict, when determining whether to grant a Rule 33 motion, the Court "may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial."  *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).  But a court "must not entirely usurp the jury's function or simply set aside a jury's verdict because it runs counter to [the] result the district court believed was more appropriate."  *Id*.

## II. Motion for acquittal

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (quoting *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)).  Rule 29(a) of the Federal Rules of Criminal Procedure provides that after the government closes its evidence or after the close of all evidence, on a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  When the defendant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Lopez–Urbina*, 434 F.3d 750, 757 (5th Cir. 2005) (quoting *Jackson v. Virginia*, 433 U.S. 307, 319 (1979)).  The same test applies whether the government's case depends on direct or entirely circumstantial evidence.  *United States v. Thomas*, 627 F.3d 146, 151 (5th Cir. 2010) (citing *United States v. Clayton*, 506 F.3d 405, 412 (5th Cir. 2007)).

When considering a motion for a judgment of acquittal, the Court considers the evidence, all reasonable inferences drawn therefrom, and all credibility determinations in the light most favorable to the Government.  *United States v. Ramos–Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008); *see also United States v. Resio–Trejo*, 45 F.3d 907, 910–11 (5th Cir. 1995).  The Court does not weigh the evidence or assess the credibility of witnesses.  *Ramos–Cardenas*, 524 F.3d at 605.  The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty, and the jury is free to choose among reasonable constructions of evidence.  *Id.*; *see also Resio–Trejo*, 45 F.3d at 911.  The jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (citation and internal quotation marks omitted).

### III.    Motion to arrest judgment

Rule 34 of the Federal Rules of Criminal Procedure provides that the court must arrest judgment if "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense."  *United States v. Johnson*, 363 F. App'x 305, 306 (5th Cir. 2010) (citing Fed. R. Crim. P. 34(a)).  "An adequate indictment (1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecutions." *United States v. Parasiris*, 85 F. App'x 380, 381 (5th Cir. 2004) (internal quotations and citation omitted).

## ANALYSIS

Both defendants were charged in count one of the second superseding indictment[6] with conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, a Schedule II controlled substance, and one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. After a four day trial, the jury found both defendants guilty as to count one.[7] The jury also found that five kilograms or more of cocaine hydrochloride and one kilogram or more of heroin were attributable to Perralta. With respect to Norris, the jury found that five kilograms or more of cocaine hydrochloride were attributable to him, but that no amount of heroin was attributable to him.

After reviewing all of the evidence, the reasonable inferences that can be drawn therefrom, and the applicable law, the Court agrees, essentially for the reasons provided by the government, that each of defendants' motions are without merit. There was substantial and corroborated evidence against both Perralta and Norris and the jury made its credibility determinations. Having heard the testimony, the Court chooses not to second-guess those determinations. Accordingly, and for the reasons set forth in the government's brief in opposition,[8]

**IT IS ORDERED** that defendants' motions are **DENIED**.

New Orleans, Louisiana, April 8, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. No. 74.
[7] R. Doc. No. 225-3.
[8] R. Doc. No. 236.